# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## S. P. POWELL v. JOHN WOOD SMITH, REGISTRAR.

January 17, 1929.

Absent, Chichester, J.

The opinion states the case.

*C. O'Conor Goolrick*, for the plaintiff in error.

*F. M. Chichester*, for the defendant in error.

WEST, J., delivered the opinion of the court.

S. P. Powell filed his petition in the Circuit Court of Spotsylvania county, Virginia, for a mandamus to compel John Wood Smith, registrar of Partlow precinct in said county, to permit petitioner, at some reasonable time in the immediate future, to inspect and examine, in the presence of the registrar, the registration books and the written applications to

register, then in the possession of the registrar. John Wood Smith, defendant, demurred to the petition, in which the petitioner joined, and answered the same. Upon argument of counsel, a judgment was entered sustaining the demurrer and dismissing the petition. To that judgment this writ was allowed.

The petitioner alleges in his petition that, in the past twelve months, "written applications to register have been received by the said J. Wood Smith, registrar, from various persons, and that some of these persons have by him been admitted to register, while others have been denied the privilege of registration. * * And he desires to see and inspect the said books and written applications for registration in order, if any irregularity be shown therein, to take proper legal steps to have the same corrected by the court. Petitioner shows unto the court that he cannot proceed to do this so long as the registrar wilfully refuses to permit him to make a reasonable inspection of said official and public records." * * * As your petitioner is otherwise without sufficient and adequate remedy, he prays that a peremptory writ of mandamus may be issued, compelling the registrar to admit petitioner to inspect and examine the registration books and applications to register."

It is clear from the petition that petitioner's object in filing the petition was to purge the registration books of the names of persons improperly placed thereon and note appeals for those refused. For the accomplishment of this purpose the law provides for him a plain, adequate and complete remedy. Section 107 of the Code of Virginia empowers the electoral board of each county or city to direct that the registration books in any precinct be purged whenever they

deem it proper to do so, and requires that they direct the registration books in every precinct to be purged once in every six years. Whenever the books are ordered purged, it is made the duty of the registrar to post printed notices in the district of the names of all persons who, in his judgment, or those who may be alleged by any three qualified voters of the election district, to be improperly on the registration books of that district. The notice is signed by the registrar, and on the regular day of registration the registrar shall hear the testimony produced for and against the right of the persons named in the notice to be retained on the registration books, and if convinced that any of such persons is not entitled to be on the registration books of the district, he shall strike his name therefrom. This section further provides that where the registrar strikes the name of a voter from the registration books he may appeal from his decision to the circuit court. And where the registrar refuses to strike from the registration books any person alleged to be improperly thereon, any qualified voter of the county shall have the like right to appeal from such decision to the circuit court.

Section 107-a of the Code provides an additional method of purging registration books, by which any three qualified voters in any election district may file with the circuit court of the county, or corporation court of the city, or before the judge of such court in vacation, a petition stating the objections of the petitioners to the registration of any person whose name is on the registration books. After fifteen days' notice, required to be given to the party whose registration is objected to, the court or judge is required to proceed, according to the practice at common law, to hear and determine the right of such person or persons to regis-

tration, with the right of appeal as a matter of right to the Supreme Court of Appeals of Virginia, where the case is placed on the privileged docket and disposed of with all possible speed.

We are of the opinion that the petitioners, under section 107-a, should set forth their objections to the registration of certain persons, alleging the grounds of their objection, and asking the court to issue an order against the registrar to produce the applications for the court's inspection, the court being the judge of the ultimate fact—that is, whether or not the person is entitled to register.

In addition to these remedies, any person who is denied registration may appeal of right to the proper court. Code, section 103.

The inspection of the applications by the petitioner could be of little service to him or the court, since the court would base its opinion as to the sufficiency of the application upon its own inspection of the original applications.

It is admitted that there is no express direction in any of the statutes that applications for registration shall at all times be open to public inspection. But it is contended that the direction is in the statute by implication.

We find nothing in the statutes to sustain such a contention. The fact that the legislature, in the enactment of section 107-a, has provided a way by which the voters can have the applications for registration brought into court for inspection whenever necessary for the protection of the public interest, negatives the suggestion that the public has, at all times, the right to inspect such applications.

Wherever the legislature has undertaken to give

the public the right to inspect official records it has done so in express terms.

Section 104, Code 1924, makes the registrar the custodian of the registration books of his precinct and provides that the registration books shall at all times be open to public inspection.

Section 602 requires that the State school board shall keep a record of all its proceedings, which shall at all times be open to inspection.

Section 657 provides that the clerk of the district school board shall keep a record of its proceedings, which shall be open to the inspection of the division superintendent of schools and of every citizen of the district.

The act of 1920, now section 4822-a of the Code, directs that the affidavits which are the basis of search warrants shall be certified to the county clerk of the county, or to the court clerk of his city admitting deeds to record, and shall by such clerk be preserved as a record and shall at all times be subject to inspection by the public.

Other instances might be cited, where the legislature intending such records should be open to the public has so provided in clear and unequivocal terms. It seems reasonably certain that if the legislature had intended that the applications for registration should be open for public inspection, it would have so declared.

It is conceded that mandamus will never lie where the petitioner's right to it is not certain and clear; nor where petitioner has another adequate, clear and sufficient remedy at law. As above pointed out, the petitioner will get as complete relief under section 107-a of the Code as he could secure if allowed to proceed by mandamus.

■ For the foregoing reasons, we are of opinion that the petitioner has the right to inspect the registration books, but the law does not give him the right to inspect and examine the written applications for registration, and the judgment will be affirmed.

*Affirmed.*